George L. NICHOLS, Treasurer, Police Officers' Pension System, et al., Appellants,

v.

HOUSTON POLICE OFFICERS' PENSION BOARD et al., Appellees.

No. 3752.

Court of Civil Appeals of Texas.

Waco.

April 28, 1960.

Rehearing Denied May 19, 1960.

R. H. Burks, City Atty., Charles A. Easterling, Sr. Asst., Houston, for appellants.

Billy B. Goldberg, Houston, for appellee.

WILSON, Justice.

The City and the treasurer of the Houston Police Officers' Pension System appeal from issuance of a writ of mandamus directing compliance with an order of the Houston Police Officers' Pension Board that retirement benefits be paid to an inspector computed on a salary of $750 per month.

Decision requires construction of ordinance No. 57–1291 passed October 23, 1957, material portions of which "create and recreate the following positions, classes, classifications and base pay:

"Civil Service Class A

Uniformed and Detective Class—Police Service . . .

| Positions | Classification | First Year | Second and Third Years | Fourth and Fifth Years | Over 5 Years |
|---|---|---|---|---|---|
| | | Base Pay Per Month | | | |
| 6 | Grade VII Inspector of Police | 625 | 650 | 700 | 750 |

"

The ordinance provided a personal motorcycle allowance "in addition to the base pay and longevity pay enumerated herein" and continued, "In addition to the above base pay said employees of this department shall be entitled and paid longevity service pay, the additional sum of $2 per month for each year of service in the Police Department or any other department up to and including 25 years service. This longevity or service pay shall be paid in addition to the base pay as established herein."

Appellants state the material facts as follows: Daut became Inspector of Police July 16, 1953. Following the passage of the ordinance, he drew his first effective

pay at $700 per month November 1, 1957 as an Inspector of Police with four years of experience. June 30, 1958 he made application for retirement, and was retired July 21, 1958 as Inspector of Police, with over five years' experience. As appellants say, he automatically became entitled to the $750 monthly salary without examination requirement under the ordinance.

The City Attorney had originally advised the treasurer to compute retirement benefits on an "average of the past five-year base salary," apparently under the provisions of Sec. 11(a), Art. 6243g–1, Vernon's Ann. Civ.Stats., and under this advice the treasurer declined to compute benefits as ordered by the pension board. Appellants have now abandoned this position and contend Inspector Daut's retirement benefits should be computed on a "base salary of $625 per month" as indicated in the first column of the schedule. They base this view on the following argument: (1) Art. 6243g–1, Sec. 11(a) specifies retirement benefits shall be 30% of the "base salary provided for the classified position in the police department." (2) Art. 1269m, Sec. 8 specifies that "all persons in each classification shall be paid the same salary and in addition thereto be. paid any longevity or seniority pay that he. may be entitled to." (3) The same statute provides that "No classification now in existence, or that may be hereafter created * * * shall ever be filled except by examination." (4) Art. 1583–2, Vernon's Ann.P.C. specifies the City shall set up classifications, "specifying salary for each classification." Therefore, (5) if the ordinance attempts to create a new classification by increase of salary without filling such new classified positions by competitive examination, that portion of the ordinance is invalid as conflicting with the statutes. It is urged as a consequence the ordinance must be construed as having created only "one base pay for each classification," i. e., the "base salary in the first column."

Basically, the contention calls for construction of the language of Sec. 8 of Art.

1269m quoted in (2) above, as applied to the ordinance. Appellants say that if the ordinance is to mean what it says, that is, that there are four different "base pay" provisions in the single classification of Inspector of Police, all persons in the same classification are not "paid the same salary" as required by Art. 1269m.

■ An obvious legislative purpose in enacting the quoted language was to prevent discrimination among employees. It is clear the ordinance intends to establish a base pay rate for "all persons 'in each classification," and to provide that all should "be paid the same salary." The fact that this same salary increases with length' of tenure does not militate against · this construction. It increases consistently and uniformly for "all persons" in the classification. This is not inconsistent with Sec.' 3, Art. 1583–2, P.C., requiring the municipal government to specify salary for each classification. This very statute requires a fluctuation within a classification based on number of years of service in the "Department," as distinguished from service in the "classification," as to additional longevity pay. Under appellants' argument this also would conflict with the provision of Art. 1269m that all persons "shall be paid the same salary." This it does not do. See Austin Fire & Police Departments v. City of Austin, 149 Tex. 101, 228 S.W.2d 845, 847; City of San Antonio v. Baird, Tex. Civ.App., 209 S.W.2d 224, writ refused. The ordinance does not contravene the quoted provisions of Art. 1269m, Sec. 8 on the grounds asserted.

■ Neither does the ordinance set up a new classification, by increase in salary, to be filled without examination in contravention of Art. 1269m, Sec. 14, subd. G. The grade, position and classification remain the same. The ordinance establishes 22 separate grades and one or more classifications under each, totalling 33 in number. The "classification" here involved is clear: It is "Inspector of Police, Grade VII."· That classification is retained notwithstand-· ·

ing· expiration of time or the fact length of tenure is compensated. The Title of the 1957 Act amending Art. 1269m, declaring its purpose to be "stopping the creation in the future of new classified positions unless established by ordinance," as discussed in City of San Antonio v. Handley, Tex. Civ.App., 308 S.W.2d 608, writ refused, further demonstrates appellants' position is not persuasive.

■ In the application of Art. 6243g-1, Sec. 11(a) to the ordinance, appellants say the $625 figure in the first column under "first year" should be the basis. No plausible reason· is suggested why the amount in this, rather than some other column, should be adopted, except that it is the smallest. The statute directs benefits to be based on "the base salary provided for the classified position." There is no doubt the ordinance fixes the base salary of this member at $750 per month for he fits the column "over 5 years" in the position classified as "Inspector of Police", and on this basis his retirement pension should be computed.

Affirmed.