Ray **COWAN** et al., Petitioners,

v.

Walter **WOODRUM**, Respondent.

No. B–2887.

Supreme Court of Texas.

Nov. 10, 1971.

Rehearing Denied Dec. 8, 1971.

Mitchell, Gilbert & McLean, Arthur Mitchell, Austin, for petitioners.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee, Schulz, Hanna & Burke, W. L. Burke, Jr., Abilene, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

### PER CURIAM.

Respondent, Walter Woodrum, brought suit against Petitioners for damages resulting from an alleged breach of a contract connected with sale of certain bank stock. Petitioners moved for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure, and Respondent did not move for summary judgment. The trial court granted Petitioners' motion, entering summary judgment that Respondent take nothing.

The Court of Civil Appeals reversed and proceeded to render judgment for Respondent, except as to the amount of damages, the judgment reading in part as follows:

"\* \* \* the judgment of the trial court sustaining defendants' motion for summary judgment, and rendering judgment that plaintiff take nothing is reversed; and the cause is remanded to the trial court for determination of the issue of

damages and rendition of judgment consistent with this opinion." 468 S.W.2d 592, 600.

The Court of Civil Appeals had before it only the issue of whether the motion for summary judgment for Petitioners was improvidently granted. The appeal afforded no basis for a rendition of judgment for the Respondent, and therefore the decision of the Court of Civil Appeals is in conflict with this Court's opinion in Hinojosa v. Edgerton, Tex., 447 S.W.2d 670 (1969). In accordance with the provisions of Rule 483, Texas Rules of Civil Procedure, and without granting the application for writ of error, the judgment of the Court of Civil Appeals is reversed in part and modified so as to order a general remand of the cause to the trial court for a trial of all the issues. We do not reach the question of whether the Court of Civil Appeals was correct in any of its holdings other than that the summary judgment against Respondents was improvidently granted, and this opinion therefore constitutes no approval or disapproval of such holdings on other issues.