Miguel **SANCHEZ**, Appellant,

v.

**EL PASO CIVIL SERVICE COM-MISSION, Appellee.**

No. 6212.

Court of Civil Appeals of Texas, El Paso.

Dec. 8, 1971.

Rehearing Denied Jan. 12, 1972.

Robert L. Millard and Hector R. Uribe, El Paso, for appellant.

Travis White, City Atty., John C. Ross, Wade Adkins, Paul Echols, Asst. City Attys., El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is an appeal from a judgment of dismissal for lack of jurisdiction. Miguel Sanchez, Plaintiff-Appellant, filed suit against El Paso Civil Service Commission, Defendant-Appellee, seeking recovery of lost wages and reinstatement in his employment. The Court granted Appellee's motion to dismiss for lack of jurisdiction. We affirm.

Appellant was employed in the City of El Paso Sanitation Department. The charter of El Paso provides for a classified civil service, with a Civil Service Commission to hear appeals of employees on disciplinary actions. A prohibition is contained in the regulations to prevent an employee from engaging in other employment without the consent of the Civil Service Commission. In 1968, Appellant was found to be violating this rule, was temporarily suspended, warned, and placed on probation. In 1970, he was discharged for engaging in outside employment. He appealed to the Commission and was granted a hearing at which he was represented by counsel. The discharge was sustained with permission to apply for re-employment after six (6) months provided his outside employment was terminated. The adverse ruling of the Civil Service Commission is the subject of this suit in which the Appellant seeks to invoke the jurisdiction of the District Court of El Paso County.

Appellee's plea to the jurisdiction was predicated on the proposition that there is no provision in law for an appeal and that in the absence thereof, the Commission's decision is final. The trial Court, in its judgment, found that Appellant had no vested right to employment and that no constitutional rights had been violated and entered judgment dismissing the case for lack of jurisdiction.

Appellant assigns one point of error complaining that the trial Court erred in sustaining Appellee's plea to the jurisdiction of the Court.

. The question has been effectively answered by the Supreme Court in a closely analogous situation. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951). There, it was held in the absence of a statutory provision, that there is no inherent right to appeal to the District Court unless the decision of the administrative body would affect "vested property rights or otherwise violate some constitutional provision". The Supreme Court determined that the Appellee therein had no "vested property right" as Captain in the Amarillo Fire Department. This same line of reasoning has been followed in Sfair v. City of San Antonio, 274 S.W.2d 581 (Tex. Civ.App., n. r. e.) and Mason v. City of San Antonio, Texas, 324 S.W.2d 90 (Tex.Civ. App., n. w. h.), and is applicable here.

The Civil Service Amendment to the Charter of the City of El Paso afforded Appellant the protection requiring any dismissal be for cause and giving him a right of appeal to the Civil Service Commission. No right of appeal is provided for review by the Courts. It is a fundamental legal principle that a statutory provision, may provide for its administration and enforcement free from review by the Courts. Texas Highway Commission et al. v. El Paso Building & Construction Trades Council, 149 Tex. 457, 234 S.W.2d 857 (1950).

Inherent right of appeal exists however, when vested property rights are affected. 1 Tex.Jur.2d, Sec. 34, p. 673; Brazosport Savings & Loan Association v. American Savings & Loan Association, 161 Tex. 543, 342 S.W.2d 747 (1961). The rights provided for Appellant were afforded him.

We therefore affirm the judgment of the trial Court.