

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 27, 1973

The Honorable Fred Toler
Executive Director
Texas Commission on Law
    Enforcement Officer Standards
    and Education
503 E. Sam Houston Building
Austin, Texas 78701

Opinion No. H- 159

Re:    Construction of Senate Bill
633, 63rd Legislature, with
reference to "educational
incentive pay" for police
officers

Dear Mr. Toler:

You have requested our opinion concerning educational incentive
pay authorized for police officers by Article 1269m, Vernon's Texas
Civil Statutes, as amended by Senate Bill 633, 63rd Legislature (Acts
1973, ch. 140, p. 300).

Article 1269m regulates firemen's and policemen's civil service
in cities over 10,000. Section 8 of the statute concerns classification "of
firemen and policemen" and, prior to the amendment, provided:

> "No classification now in existence, or that may
> be hereafter created in such cities, shall ever be filled
> except by examination held in accordance with the pro-
> visions of this law. All persons in each classification
> shall be paid the same salary and in addition thereto
> be paid any longevity or seniority pay that he may be
> entitled to. "

This was amended by Senate Bill 633 so as to include "educational
incentive pay" as an addition to the base salary for each classification.
As a result of the amendment, § 8 of Article 1269m, now provides: "All
persons in each classification shall be paid the same salary and in addition
thereto be paid any longevity or seniority or <u>educational incentive pay</u> that
he may be entitled to . . . . " (Emphasis added)

The Senate Bill also added to § 8 a paragraph reading:

"Said City Council or legislative body may
authorize Educational incentive pay in addition to
regular pay for policemen and firemen within each
classification, who have successfully completed
courses in an accredited college or university,
provided that such courses are applicable toward
a degree in law enforcement-police science and
include the core curriculum in law enforcement
or are applicable toward a degree in fire science.
An accredited college or university, as that term
is used herein, shall mean any college or univer-
sity accredited by the nationally recognized accre-
diting agency and the state board wherein said
college or university is located and approved or
certified by the Texas Commission on Law Enforce-
ment Officer Standards and Education as teaching
the core curriculum or its equivalent or, in the
case of fire science degree courses, approved or
certified by the Texas Commission on Fire Protection,
Personnel Standards and Education. Core Curriculum
in law enforcement, as used herein, shall mean those
courses in law enforcement education as approved by
the Coordinating Board, Texas College and University
System and the Texas Commission on Law Enforcement
Officer Standards and Education."

Literally, the amended statute, to entitle a law enforcement officer
to incentive pay, requires:

1.      The completion of "courses" in an accredited
        college or university.

2.      The courses must be applicable toward a degree
        in law enforcement-police science.

> 3. The courses must include the "core curriculum in law enforcement."

An "accredited college" is defined as is the term "core curriculum in law enforcement," the latter being "those courses in law enforcement education as approved by the Coordinating Board . . . and the Texas Commission on Law Enforcement Officer Standards and Education." (emphasis added)

Your first question, addressed to the pay of law enforcement officers, is as follows:

> "The Texas Commission on Law Enforcement Officer Standards and Education issued certificates to officers who have attained certain levels of training and/or education in academies or colleges approved by the Commission. Both the Intermediate and Advanced certificates issued by the Commission may be based on training or education, or a combination of the two. Can cities under Article 1269m use these certificates as a criterion for paying educational incentive pay if:
>
> (1) The certificate is based on education;
>
> (2) The certificate is based on a combination of education and training; or
>
> (3) The certificate is based solely on training?"

We believe that the Legislature has clearly expressed an intent that educational incentive payments be limited to policemen who have taken certain specific training. The authority of a city or other legislative body to award such incentive pay will, in our opinion, depend upon the course of training taken, not on the certificate that may have been earned. The certificate, at most, is evidence of the completion of the training it represents, and is not by itself sufficient to meet the statutory requirements for "educational incentive pay."

Your second question asks:

> "Texas has a core curriculum in law enforcement which consists of seven law enforcement courses (21 semester credit hours), and the general education or liberal arts sequence which is a part of any college degree, including the law enforcement degree. Can cities use the college credits which are common to any degree as a criterion for awarding educational incentive pay if:
>
> (1) These general education courses are taught in a college or university which does not have a law enforcement degree program; or
>
> (2) If the officer has not completed any of the Core Curriculum in law enforcement?"

The legislative use of the term "core curriculum" refers to basic law enforcement courses which have the approval of the Coordinating Board and the Commission on Law Enforcement Officer Standards and Education. Thus, when the Legislature defined "accredited college or university" as one which is certified by the Texas Commission on Law Enforcement Officer Standards and Education as teaching the "core curriculum or its equivalent," it excluded colleges or universities which do not have law enforcement programs and which are not so certified. Obviously, if an officer has taken general education courses in an uncertified university that does not have a law enforcement program and the core curriculum courses elsewhere, he would be eligible for educational incentive payments based on the latter courses, but those taken at the uncertified university would not entitle him to such benefits.

The second portion of your question concerns officers who have not completed any of the core curriculum in law enforcement. We are of the opinion that such officers would not be eligible for educational incentive payments.

Your third question is:

> "In the case of longevity pay, the municipality
> is not limited to the minimum, but may in fact, exceed
> the minimum pay as set forth in the separate longevity
> act.  Is it permissable for the municipality to supple-
> ment the educational incentive pay and provide additional
> incentive pay for training courses completed in a police
> academy, which is certified by the Texas Commission
> on Law Enforcement Officer Standards and Education? "

As we understand your question, you wish to know whether the "edu-cational incentive pay" authorized by amended Article 1269m, V. T. C. S. , is the exclusive allowance which may be made for education and training, or whether the city may, in addition, grant incentive pay for completion of training courses not meeting the requirements of that Article.

We feel compelled to answer that the authorized "educational incentive pay" is the exclusive means of recognizing education and training in the pay rate of police officers.  The language of the statute is that "all persons in each classification shall be paid the same salary . . . . "

> "An obvious legislative purpose in enacting the
> quoted language was to prevent discrimination among
> employees. It is clear the ordinance intends to estab-
> lish a base pay rate for 'all persons in each classifica-
> tion, ' and to provide that all should 'be paid the same
> salary.' The fact that this same salary increases with
> length of tenure does not militate against this construction. "
> Nichols v. Houston Police Officers' Pension Bd., 335
> S. W. 2d 261, 263 (Tex. Civ. App. , Waco, 1960, err.
> ref'd. , n. r. e. ).

Prior to the 1973 amendments to the Act, the only permitted deviation from absolutely uniform salaries within a job classification was for "longe-vity or seniority. " Even then, if the law was followed, any two officers in the same job classification and having served the same number of years

within a police department, should have received the same rate of pay. The 1973 amendment permits an exception for certain clearly defined and circumscribed educational efforts.

We therefore answer your third question that, in our opinion, it is not permissible to provide additional incentive pay for completion of training courses which do not meet the requirements of amended Article 1269m, V. T. C. S., for "educational incentive pay."

SUMMARY

1. Educational incentive payments, authorized by Article 1269m, V. T. C. S., as amended in 1973, may be based on completion of basic law enforcement core curriculum courses at an accredited college or university but not solely upon intermediate or advanced certificates issued by the Texas Commission on Law Enforcement Officer Standards and Education.

2. In order to be eligible for educational incentive payments a police officer must have completed law enforcement courses comprising the "core curriculum" approved by the Coordinating Board, Texas College and University System and the Texas Commission on Law Enforcement Officer Standards and Education.

3. Training courses or programs which do not meet the statutory requirements for "educational incentive pay" may not serve as the basis for incentive payments to police officers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

_____

LARRY F. YORK, First Assistant

_____

DAVID M. KENDALL, Chairman
Opinion Committee