**CITY OF BEAUMONT et al., Appellants,**

**v.**

**John Randall BOND, Appellee.**

**No. 7921.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 10, 1977.

Rehearing Denied Feb. 24, 1977.

KEITH, Justice.

Appellee below instituted this declaratory judgment as a class action against the City of Beaumont and the Mayor and the individual members of the City Council of the City of Beaumont to declare a portion of a city ordinance invalid. The cause was submitted to the trial judge upon stipulated facts and judgment was entered declaring one section of the challenged ordinance to be invalid. Notwithstanding the fact that this was a class action with only twenty-seven persons and one named plaintiff, the judgment continued with another decretal paragraph reading:

> "ORDERED, ADJUDGED AND DECREED AND DECLARED that the Plaintiff*s* individually have and *receive* from the defendants herein judgment *per* the following sums of money:
>> [and here follow *thirty-three* names with varying amounts of money set opposite the respective names]" (emphasis added)

Appellants have attacked the judgment with a single point which is quoted in the margin.[1] We sustain the point.

As we have noted, the trial court held the challenged ordinance to be invalid since it was found to be in conflict with a statute. It is well to state, at this time, the rule governing the review of such contention.

■ It has long been settled that a general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. *City of Beaumont v. Fall,* 116 Tex. 314, 291 S.W. 202, 206 (1927); *Wagstaff v. City of Groves,* 419 S.W.2d 441, 443 (Tex.Civ.App.—Beaumont 1967, writ ref'd n. r. e.). Moreover, it is the duty of the court to reconcile the ordinance with the general law if a fair and reasonable construction of seemingly conflicting enactments will leave both in concurrent operation. *City of Houston v. Reyes,* 527 S.W.2d 489, 494 (Tex.Civ.App.—Houston [1st Dist.]

Lane Nichols, Beaumont, for appellants.

Ronald L. Walker, Beaumont, for appellee.

1. "The trial court erred in holding that Ordinance 74–65 was invalid as inconsistent with the letter and spirit of Section 8 of Article 1269m, Revised Civil Statutes of the State of Texas."

1975, writ ref'd n. r. e.). Having stated the rule, we now examine the agreed facts and the contentions of the parties.

Since appellee has not challenged the correctness thereof, much of our statement of the case is taken from appellants' brief without benefit of attribution. See Tex.R. Civ.P. 419 and *Crawford v. Modos,* 465 S.W.2d 220, 222 (Tex.Civ.App.—Beaumont 1971, writ dism'd).

On October 1, 1974, the Beaumont City Council adopted Ordinance 74–63; and, insofar as material to this appeal, the applicable provisions are to be found in subsection 1, quoted in the margin.[2] Upon the same date, the City Council decided to grant an across the board ten percent wage increase to *all* employees (including Grade I policemen, our appellee's class), effective October 1, 1974. From a budgetary standpoint, the City Council determined that it should freeze all automatic salary increases for all employees. To that end, the City Council enacted Ordinance 74–65 freezing the automatic six and eighteen-month salary increases granted in Ordinance 74–63.[3] The challenged ordinance was adopted on October 3, 1974, with an effective date of October 1, 1974. No police officers accrued either six or eighteen months of service between October 1 and October 3, 1974. After the adoption of Ordinance 74–65, no two police officers with the same number of days of service with the Beaumont Police Department were paid different salaries.

■ The City of Beaumont is a home rule city and derives its powers to legislate from Tex.Const. art. XI, § 5, and Tex.Rev.Civ. Stats.Ann. art. 1175 (1963). So, it is necessary to look to the acts of the legislature not for grants of power to such cities but only for limitations on their powers. *Forwood v. City of Taylor,* 147 Tex. 161, 214 S.W.2d 282, 286 (1948). Or, as was stated recently in *Lower Colorado Riv. Auth. v. City of San Marcos,* 523 S.W.2d 641, 644 (Tex.1975):

> "The powers of home rule cities are subject to and may be limited *only* by their charters or by the Constitution or by general law." (emphasis supplied)

Counsel for appellee argues that Ordinance 74–65 is invalid because the language therefrom quoted in footnote 3 is "inconsistent with the letter and spirit of Section 8 of Article 1269m, Revised Civil Statutes of the State of Texas."[4] Counsel contends that Ordinance 74–65 is in conflict with this language found in the cited statute:

> "All persons in each classification shall be paid the same salary and in addition thereto be paid any longevity or seniority or educational incentive pay that he may be entitled to."

There is no contention that the ordinance conflicts with any other statute.

Appellee cites *Nichols v. Houston Police Officers' Pension Board,* 335 S.W.2d 261, 263 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.), as supporting the position taken.

2. "There shall be one hundred fifteen (115) positions in Grade I [in the Police Department], said positions to include patrolmen. The base pay of every officer in this grade shall be Seven Hundred Sixty and No/100 ($760.00) Dollars per month; and the base pay of every officer in this grade with more than six (6) months service but not more than eighteen (18) months service shall be Seven Hundred Ninety-Nine and No/100 ($799.00) Dollars per month; and the base pay of every officer in this grade with more than eighteen (18) months service shall be Eight Hundred Thirty-Eight and No/100 ($838.00) Dollars per month."

3. The "freeze" was accomplished by changing the language quoted in footnote 2 to read: ". . . The base pay of every officer who has been in this grade less than six (6) months on October 1, 1974 shall be Seven Hundred Sixty and No/100 ($760.00) Dollars per month; and the base pay of every officer in this grade with more than six (6) months service but not more than eighteen (18) months service on October 1, 1974 shall be Seven Hundred Ninety-Nine and No/100 ($799.00) Dollars per month; and the base pay of every officer in this grade with more than eighteen (18) months service on October 1, 1974 shall be Eight Hundred Thirty-Eight and No/100 ($838.00) Dollars per month."

4. The trial court's judgment expresses the matter somewhat differently, finding that the quoted language "is contrary to the letter and in the opinion of this Court contrary to the spirit of Article 1269m, Section 8, of the Civil Statute[s] of the State of Texas . . . ."

Again, we disagree. The court there was considering an ordinance which established four different "base pay" provisions in a single classification based upon length of service in such classification. It was held that this was not inconsistent with the statute since the salary increases with length of tenure and "[i]t increases consistently and uniformly for 'all persons' in the classification." *Id.*

■ The real thrust of appellee's argument here is that he and those whom he represents, acquired a vested right to receive a salary increase at stated intervals in perpetuity; and, having acquired such vested right (apparently in the two-day period October 1–3, 1974), City is powerless ever to repeal or modify the ordinance which appellee claims grants such rights.[5] The mere statement of the contention discloses its fallaciousness.

The agreed statement of facts does not show that any member of appellee's class had acquired a vested right in and to the automatic pay increases mentioned in Ordinance 74–63. It is apparent that our dissenting brother declares Ordinance 74–65 invalid because some member of appellee's class may—*sometime in the future* —achieve the time in grade which would authorize the automatic pay increases provided in Ordinance 74–63 but for the adoption of Ordinance 74–65.

No one contends that Ordinance 74–65 operated retroactively; indeed, it specifically shows that it operates only prospectively. No police officer, upon the date of the adoption of Ordinance 74–65 was entitled to the increased pay because of his time in service in the particular classification. While our dissenting brother does not point to any authority supporting his views, we cite *Mellinger v. City of Houston,* 68 Tex.

37, 3 S.W. 249, 253 (1887), where it was said:

"Facts may exist out of which, in the course of time or under given circumstances, a right would become fixed or vested by operation of existing law, but until the state of facts which the law declares shall give a right comes into existence there cannot be in law a right; and for this reason it has been constantly held that, until the right becomes fixed or vested, it is lawful for the law-making power to declare that the given state of facts shall not fix it, and such laws have been constantly held not to be retroactive in the sense in which that term is used."

See also *McCain v. Yost,* 155 Tex. 174, 284 S.W.2d 898, 900 (1955), wherein the foregoing quotation is to be found. This line of cases has continuing vitality. See, e. g., *Aetna Ins. Co. v. Richardelle,* 528 S.W.2d 280, 284 (Tex.Civ.App.—Corpus Christi, 1975, writ ref'd n. r. e.); *Pratt v. Story,* 530 S.W.2d 325, 328 (Tex.Civ.App.—Tyler 1975, no writ).

The dissent, declining to discuss the vested rights theory, asserts that it is filed solely because of a conflict "between the ordinance and the statute." The only possible conflict would be one which developed *after* the adoption of the ordinance; and, under the rationale of the *Mellinger Case,* supra, such could not and would not affect the validity of the ordinance.

■ It is clear and appellee does not contend that he and the members of his class have any *vested* property right in and to their employment with City nor any *vested* right to receive any stated amount of money per month as compensation for services rendered. *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 791 (1951); *Sanchez v. El Paso Civil Service Commission,* 475 S.W.2d 323, 324 (Tex.Civ.App.—El Paso

---

**5.** *Appellee* argues: "Appellants . . . take s the position that appellants' power to enact and/or repeal ordinances is unlimited. If Appellants' position be correct then nothing would have prevented Appellants from repealing Ordinance 74–63 [October 1, 1974 which granted the periodic increases in salaries] at any time Appellants elected to do so whether it be two days after the passage of said Ordinances or at some subsequent time. Logically, if Appellants have full authority to enact and repeal ordinances at their discretion then nothing would prevent Appellants from repealing an Ordinance such as Ordinance 74–63 after Appellees had adjusted their living standards in reliance upon the increase of salary."

1971, writ ref'd n. r. e.). Moreover, as was said in *Amarillo v. Hancock, supra,* 239 S.W.2d at 792:

"Under Section 8 [of Art. 1269m, Tex. Rev.Civ.Stats.Ann.], the city council, a body with delegated legislative power, has the power to create positions, adopt the Civil Service Commission classification plan, set the rate of pay and abolish positions." (emphasis supplied)

City, acting well within the legislative delegation of power to set the rate of pay for positions in the police department, adopted rates which were not discriminatory as to any member of the grade or classification. Having acted legislatively, the trial court was not authorized to set aside such action.

The appellee's argument, when stripped to its essentials, is that City did not have the power to repeal Ordinance 74–63 because it bestowed some inchoate rights upon appellee and the members of his class. We have noted earlier that the powers of home rule cities are limited only by their own charters, or by the constitution or by general law. *Lower Colorado Riv. Auth. v. City of San Marcos, supra,* 523 S.W.2d at 644.

The legislative power granted to cities, subject to the restrictions just noted, is analogous to such power granted to the legislature. In speaking thereof, Chief Justice Alexander in *Walker v. Baker,* 145 Tex. 121, 196 S.W.2d 324, 328 (1946), held that the constitutional grant of legislative power to the House and Senate

". . . means all legislative power— the power to make, alter and repeal laws—not expressly or impliedly forbidden by other provisions of the State and Federal Constitutions."

So it is with home rule cities. Unless prohibited by some constitutional provisions, a general law, or its own charter, such home rule cities have the same unlimited power.

Appellee has cited no authority (statutory or otherwise) which would deny to a home rule city the right to reduce the salary of an employee when such can be done without discrimination; nor has appellee cited any authority which confers upon appellee and

his class a vested right to receive periodic salary increases from the public treasury, nor have we found any such authority in our own research. We hold that Ordinance 74–65 is not contrary to or inconsistent with any constitutional provision, statute, or the charter provision of City; consequently, the trial court erred in declaring it to be invalid. It necessarily follows that the award of a monetary recovery to members of the class must be set aside and it is so ordered.

The judgment of the trial court is REVERSED and judgment is now rendered that appellee and his class recover nothing and receive no relief in his said suit and that the appellants go hence with their costs.

STEPHENSON, Justice (dissenting).

I respectfully dissent. I would affirm the judgment of the trial court.

The only question in this case is whether the second city ordinance is in conflict with the statute referred to in the majority opinion which says that all persons in each classification shall be paid the same salary and, in addition thereto, be paid for seniority or longevity that he may be entitled to.

This city ordinance says that anyone with six months service as of October 1, 1974, is entitled to be paid $799 per month. However, another patrolman with six months service accruing October 2, 1974, or any time thereafter, would not be entitled to be paid $799 under the ordinance. Likewise, any patrolman with eighteen months service as of October 1, 1974, would be paid $838 per month, while any patrolman accruing eighteen months service after October 1, 1974, could not draw the same pay.

I agree the city can pass, alter, and repeal its ordinances, but any ordinance regulating the pay of a policeman must not be in conflict with the statute mentioned above.

The City of Beaumont has full control over the salaries of its policemen as long as all patrolmen with the same classification are paid the same. Without a doubt the city could provide for longevity or seniority pay such as those patrolmen with six months or eighteen months service. But, to

provide that one patrolman with six months service on October 1, 1974, will be paid one amount and another patrolman with six months service on October 2, 1974, or thereafter, shall be paid a smaller amount, does not comply with the statutory requirement that those in the same classification be paid the same. This is also true of the patrolmen with eighteen months service.

The fact that there was an ordinance adopted October 1, 1974, in my opinion, has nothing to do with the outcome of this suit.

I did not come to the conclusion set forth above because there might be a claim of "acquired vested right". As stated above, the sole reason for this dissent is the conflict between the ordinance and the statute.