Billy Gene HALL, Petitioner,

v.

MOCKINGBIRD AMC/JEEP,
INC., Respondent.

No. B–8681.

Supreme Court of Texas.

Dec. 5, 1979.

Dallas Legal Services Foundation, Daniel G. Fish, Dallas, for petitioner.

Paul H. Stanford, Canton, for respondent.

PER CURIAM.

Billy Gene Hall sued Mockingbird AMC/Jeep for the statutory penalties provided for by Article 5069–8.01.[1] Hall alleged that Mockingbird had illegally inserted a waiver clause into a retail installment contract, in violation of Article 5069–7.07(6).[2] More specifically, Hall complained that the inclusion of the waiver clause in a service agreement issued contemporaneously with the execution of a retail installment agreement so infringed upon the rights granted to him by the Texas Consumer Credit Code as to justify the imposition of the statutory penalty, even though the clause was not contained in the retail installment agreement. Hall further claimed that the contemporaneous issuance of the service agreement constructively made it a part of the retail installment agreement, thus violating the express provisions of Article 5069–7.07(6).

Based upon the summary judgment proof, the trial court found that the uncontroverted facts established that the service agreement was, in fact, a part of the retail installment agreement. Accordingly, the trial court granted Hall's motion for summary judgment on his claim under Article 5069–8.01, and awarded him a statutory penalty of $1960.00 plus attorney's fees of $550.00. *Mockingbird filed no cross motion for summary judgment in the trial court.*

The court of civil appeals found that Hall did not present such summary judgment proof to entitle him to a summary judgment on the basis that the service agreement *was* a part of the retail installment agreement. That court concluded that the two documents were not part of the same transaction, but were representative of two separate and independent transactions. Accordingly, the court reversed the trial court's summary judgment, and *rendered* judgment for Mockingbird.

1. Statutory references are to Vernon's Texas Revised Civil Statutes Annotated.

2. Article 5069–7.07 provides, in pertinent part:
No retail installment contract or retail charge agreement shall:

. . . . .

(6) Provide that the buyer agrees not to assert against the seller or holder of any claim or defense arising out of the sale.

In *Cowan v. Woodrum,* 472 S.W.2d 749 (Tex.1971), this court faced a similar procedural question. In *Cowan,* the court of civil appeals had *reversed* the trial court's summary judgment *and rendered* a judgment for respondent even though respondent had filed no motion for summary judgment in the trial court. This court held:

> The Court of Civil Appeals had before it only the issue of whether the motion for summary judgment for Petitioners was improvidently granted. The appeal afforded no basis for a rendition of judgment for Respondent, and therefore the decision of the Court of Civil Appeals is in conflict with this Court's opinion in *Hinojosa v. Edgerton,* Tex., 447 S.W.2d 670 (1969).

We agree with the court of civil appeals that the summary judgment evidence does not conclusively demonstrate that the two agreements were actually part of one retail installment agreement. The court of civil appeals correctly reversed the summary judgment for Hall.

The court of civil appeals erred, however, in rendering judgment for Mockingbird AMC/Jeep. In that regard, the opinion of the court of civil appeals is in conflict with *Cowan v. Woodrum, supra.*

Accordingly, the writ of error is granted. Pursuant to Rule 483, Texas Rules of Civil Procedure, the judgment of the court of civil appeals is reversed in part and modified so as to order a general remand of the cause to the trial court for a trial of the issues.