**CITY OF PLANO, Appellant,**

v.

**Bob ACKER et al., Appellees.**

**No. 20256.**

Court of Civil Appeals of Texas, Dallas.

April 15, 1980.

Rehearing Denied June 3, 1980.

William J. (Bill) Roberts, Boyd, Veigel & Gay, Inc., McKinney, for appellant.

Scott A. Henderson, Dallas, for appellees.

Before ROBERTSON, CARVER and HUMPRHEYS, JJ.

ROBERTSON, Justice.

The City of Plano appeals from a judgment that held several of its ordinances that establish salary plans for employees of its fire and police departments to be in conflict with article 1269m of the Texas Revised Civil Statutes. Additionally, the judgment ordered payment of wages that would have been earned had the offensive portions of the ordinances not been enacted. We reverse and render judgment for appellant, City of Plano.

The City of Plano annually enacts ordinances establishing salary plans for employees of its police and fire departments. Within each department various classifications are established by rank (e. g., patrolman, sergeant, lieutenant), and for each such classification base pay rates are set. In addition, the city has established incremental pay increases, which are the subject of this suit, based on rank and length of service. The pertinent wording of the ordinances in question is as follows: "Advancement within the salary structure set out . . . shall be allowed only with the payroll period beginning [at the midpoint of the fiscal year] and the payroll period beginning [at the endpoint of the fiscal year]. In order to advance from one six-month service plateau to the next, an employee must have completed the required number of continuous service months prior to the advancement date in order to be eligible to advance."

The deleterious effect of these ordinances as alleged by the appellees, employees of the City of Plano's police and fire departments, is exemplified as follows: Patrolman A is hired the day *before* the fiscal year ends and patrolman B is hired two days later, a day *after* the fiscal year ends. Patrolman A will complete six-months service the day *before* the midpoint of the fiscal year and patrolman B will complete six-months service two days later, a day *after* the midpoint of the fiscal year. When the advancement date of the midpoint of the

fiscal year arrives, patrolman A's pay will increase. Patrolman B's pay, however, will remain the same until he completes his six-months service (the next day) and until the following advancement date. Thus, although patrolman B was hired only two days after patrolman A, he will remain a full six-month pay increment behind patrolman A throughout his career.

The trial court found that the city ordinances conflict with the Texas statute regarding classification of firemen and policemen. That statute reads in pertinent part, as follows:

> The Commission shall provide for the classification of all firemen and policemen. Such classification shall be provided by ordinance of the City Council, or legislative body. Said City Council, or legislative body, shall prescribe by ordinance the number of positions of each classification.
>
> No classification now in existence, or that may be hereafter created in such cities, shall ever be filled except by examination held in accordance with the provisions of this law. *All persons in each classification shall be paid the same salary and in addition thereto be paid any longevity, seniority*, educational incentive pay, or certification *pay that he may be entitled to.*

Tex.Rev.Civ.Stat.Ann. art. 1269m, § 8 (Vernon Supp. 1980) [emphasis added].

Appellant first contends that the increments established by these ordinances are not classifications within the meaning of article 1269m, but constitute provisions for longevity or seniority pay. As such, it contends that the increments are not affected by the language of article 1269m requiring that the "same salary" be paid to "all persons in each classification." Appellant's second contention is that even if the subject increments are classifications within the meaning of article 1269m, the ordinances do not violate article 1269m because in order to move from one such "classification" to the next would require 1) that an employee be of a certain rank, 2) that the employee have reached a certain service plateau, and 3) that the first two requirements be met prior to the advancement date. Therefore, six-months additional service is only one requirement of each such classification, and, after meeting *all* the requirements, all employees within each classification would be paid equally.

Appellees' contention is that the six-month service plateaus provided in the ordinances are incremental increases in *base* pay and therefore constitute classifications within the meaning of article 1269m. Further, appellees point out that appellant provides "longevity pay" to all of its employees under an entirely distinct program. It would therefore be incongruous and erroneous they argue, to label these increments as longevity or seniority pay. Thus, they conclude that appellant's ordinances violate article 1269m because two employees who each have, for example, between six and twelve months service may be paid different amounts as indicated by the above example. We agree with appellant's first contention that these increments represent longevity or seniority pay[1] and consequently, we reverse and render without addressing appellant's second contention.

An examination of the wording of section eight of article 1269m indicates that the classifications referred to therein are the ranks provided by the ordinances of the city, and not the six-month pay increments. *See Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593, 601 (Tex.1975); *Bear Brothers & Hirsch v. Marx & Kempner*, 63 Tex. 298, 301 (1885); *Boriack v. Boriack*, 541 S.W.2d

---

1. Initially we note that appellee claims that appellant's point of error was not preserved for appeal because it was not included in its motion for new trial. Under amended rule 324 of the Texas Rules of Civil Procedure "[a] motion for new trial [is] not . . . a prerequisite to the right to complain on appeal" unless one's "complaint . . . has not otherwise been ruled upon." The thrust of this point of error was set forth in appellant's motion for summary judgment and response to appellee's motion for summary judgment in the trial court and therefore, *was ruled upon* by the entry of judgment overruling appellant's motion and granting appellees'. Appellant's point of error was properly preserved for appeal.

237, 240 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd). This conclusion is supported by the statute's requirement that "[n]o classification . . . shall ever be filled except by examination." Appellee's interpretation of the ordinances would require us to hold that this requirement of article 1269m does not mean what it says.

 When a general law of the State of Texas and an ordinance of a home rule city appear to be in conflict, the duty of this court is to reconcile the two if any fair and reasonable construction of the apparently conflicting enactments exists and if that construction will leave both enactments in effect. *City of Beaumont v. Fall*, 116 Tex. 314, 324, 291 S.W. 202, 206 (1927); *City of Beaumont v. Bond*, 546 S.W.2d 407, 408 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.); *City of Houston v. Reyes*, 527 S.W.2d 489, 494 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). In accordance with this rule of statutory construction, we conclude that the six-month pay increments constitute longevity or seniority pay, which is not regulated by this statute. We are not persuaded that the enactment of a separate longevity pay system prevents the increments in question here from also being longevity or seniority pay within the meaning of article 1269m. Hence, we hold that the ordinances of the City of Plano that are in question here do not violate article 1269m, section eight of the Texas Revised Civil Statutes.

Accordingly, we reverse the judgment of the trial court. Since appellant filed a motion for summary judgment in the trial court and on this appeal prayed that we render judgment by sustaining that motion as the trial court should have done, we render judgment for appellant. *See Hall v. Mockingbird AMC/Jeep, Inc.*, 592 S.W.2d 913, 914 (Tex.1979); *Cowan v. Woodrum*, 472 S.W.2d 749, 750 (Tex.1971).

### ON MOTION FOR REHEARING

In their motion for rehearing, appellees raise points that deserve our attention.

First, they indicate that we incorrectly summarized their contention as being "that the six-month service plateaus provided in the ordinances are incremental increases in *base* pay and therefore constitute classifications within the meaning of article 1269m." Appellees state that their contention, as correctly stated, is that the "6, 12, 18, 24 or 30 month service plateau[s] provided in the [the] ordinances are incremental increases in 'base pay' within each classification."

Essentially, appellees adopt the reasoning of the court of civil appeals in *Nichols v. Houston Police Officers' Pension Board*, 335 S.W.2d 261 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.). In that case, an ordinance adopted by the City of Houston established salary levels for officers at various ranks. The ordinance was, in all pertinent aspects, substantially identical to the ordinance enacted by appellant. Upon retirement of an officer, his pension benefits were calculated as a percentage of the base salary for the classification he was in at retirement. The pension board contended that "base salary" meant the amount received by the officer under his classification at retirement *and under the appropriate service plateau.* The City of Houston argued that "base salary" meant the salary *initially* provided for the classification in which the officer retires (this amount normally being substantially less than the amount contended for by the pension board). Further, the City indicated that if more than one base salary existed for each classification, the ordinance would conflict with the provision in article 1269m that "[a]ll persons in each classification . . . be paid the same salary . . ." The court of civil appeals, in affirming the judgment for the pension board, held that the service plateaus were increases in base pay and that this conclusion did not conflict with article 1269m because the salary "increase[d] consistently and uniformly for 'all persons' in the classification." *Id.* at 263–64. We cannot agree with this holding.* Section eight of article 1269m clearly pro-

---

* We note that even applying the reasoning employed in *Nichols*, our holding in this case might be the same.

vides that all persons within a classification shall be paid the *same salary*—not that they shall be paid on a consistent and uniform sliding scale.

Whether it is called compensation for tenure, longevity pay, seniority pay, or some other term, the incremental increases in salary provided by the service plateaus in question obviously are based on the length of time an employee has served in a particular classification. We believe that this form of compensation was intended by the legislature to be included among the various forms of additional compensation to which a fireman or policeman might be entitled, and to which the " 'same salary' for '[a]ll persons in each classification' " restriction does not apply. *See* Tex.Rev.Civ. Stat.Ann. art. 1269m, § 8 (Vernon Supp. 1980). As noted in the body of our opinion, this form of compensation constitutes longevity or seniority pay. The fact that the City of Plano pays longevity or seniority pay to its policemen and firemen based on length of service in a particular classification, as well as paying it based on length of service with the City, does not change the character of the payments.

Appellees' motion for rehearing and supplemental motion for rehearing are overruled.