**INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 1173, Appellant,**

v.

**CITY OF BAYTOWN, Appellee.**

No. 01-91-00314-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 20, 1992.

Rehearing Denied Sept. 17, 1992.

B. Craig Deats, Austin, for appellant.
Ron McLemore, Baytown, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE[1], JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The International Association of Fire Fighters, Local 1173 (the Union) sued the City of Baytown (Baytown) alleging the city's current compensation plan for the fire fighter classification within the fire department violates TEX. LOCAL GOV'T CODE ANN. § 143.041 (Vernon Supp.1992). Both the Union and Baytown brought motions for summary judgment. The court granted Baytown's motion and denied the Union's motion. The Union appeals. We affirm.

### Background

Baytown is a home rule city. Since 1952, Baytown has been subject to the requirements of the Fire Fighters and Police Officers Civil Service Act, located in chapter 143 of the Texas Local Government Code.[2] Section 143.041 provides, in relevant part:

(b) Except as provided by section 143.-038,[3] all fire fighters or police officers

---

1. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. *See* TEX. LOCAL GOV'T CODE ANN. ch. 143 (Vernon 1988 & Supp.1992). Prior to 1987, section 143.-041, which is the section of the Civil Service Act that is at issue in the instant appeal, appeared in uncodified form as TEX.REV.CIV.STAT.ANN. art. 1269m § 8A, Act of June 17, 1983, 68th Leg., R.S., ch. 420, sec. 3, 1983 Tex.Gen.Laws 2249.

3. Section 143.038 allows the a department head to designate a person from the next lower classification to temporarily fill a position in a higher classification. That person is entitled to the base salary of the higher position plus the person's own longevity or seniority pay, educational incentive pay, and certification pay during the time the person performs the duties.

in the same classification are entitled to the same base salary.

(c) In addition to the base salary, each fire fighter or police officer is entitled to each of the following types of pay, if applicable:

(1) longevity or seniority pay;

(2) educational incentive pay as authorized by section 143.044;

(3) assignment pay as authorized by sections 143.042 and 143.043;

(4) certification pay as authorized by section 143.044; and

(5) shift differential pay as authorized by section 143.047.

TEX. LOCAL GOV'T CODE ANN. § 143.041(b) (Vernon 1988), (c) (Vernon Supp.1992). Baytown does not provide educational incentive pay, assignment pay, or shift differential pay. Thus, the total salary of an employee of Baytown's fire department may be comprised of his base salary, which is set by the city council when the budget is approved each year, plus longevity or seniority pay and certification pay where applicable.[4]

Baytown, by ordinance, classifies its fire department employees into seven civil service classifications. These classifications include: fire fighter, equipment operator, lieutenant, captain, fire marshall, assistant fire chief, and fire chief. At issue in this appeal is the compensation plan adopted by Baytown in 1988 for employees in the fire fighter classification. Pursuant to section 143.041(b), Baytown is required to pay all employees in a particular classification the same base salary. An employee is, however, entitled to receive in addition to his base salary any additional forms of compensation listed in section 143.041(c).[5] As noted above, Baytown currently provides longevity or seniority pay and certification pay as additional forms of compensation.

Prior to 1983, Baytown utilized a compensation plan known as a step system. Under this system, each classification was assigned a pay range and each range, in turn, was divided into eight steps. The salary plan provided for an automatic 3.57 percent increase in base salary between steps. An employee moved from one step to the next at the end of one-years service in that classification. After reaching the top step, an employee would receive no more automatic step increases. In addition to the 3.57 percent step increases, the city council sometimes approved across-the-board cost of living increases.

In October of 1983, because of budgetary constraints, the step plan was frozen. All employees remained at their then current step and no longer received automatic step increases in base salary. In 1986, Baytown abolished the step system completely, and subsequently adopted a compensation plan that provided for across-the-board base salary increases to be given at the same time for all civil service employees. This compensation plan continued to provide longevity or seniority pay and certification pay as additional forms of compensation.

In October 1988, Baytown again modified its compensation plan. For all classifications above fire fighter (i.e., equipment operator, lieutenant, captain, fire marshall, assistant fire chief, and fire chief), Baytown consolidated the base salary to the same level: that of the highest paid person in each classification. Baytown implemented a different system for the fire fighter classification. It is the compensation plan used for the fire fighter classification that is here challenged by the Union. Baytown grouped all employees in this classification, based on the number of years service with the fire department as of April 1, 1988. The base salary of each group was then adjusted so that each fire fighter with the

---

**4.** Monthly longevity or seniority pay is calculated by multiplying the number of years of service by $4, with a maximum of 25 years or $100. Certification pay is provided to fire fighter depending on the level of certification attained. The amounts are as follows: $60 per month for intermediate certification; $90 per month for advanced certification; and $120 per month for master certification. Both the amounts, where applicable, are added to the base salary of each fire department employee regardless of the classification of that employee. The result is that employee's total annual salary.

**5.** These include longevity or seniority pay, educational incentive pay, certification pay, and shift differential pay.

same years of service received the same base salary. Under this plan, there is no automatic base salary increase based on years of service within a classification, as was the case in the step plan. Increases in base salary are provided by across-the-board percentage pay increases that the city council approves and that are granted at the same time for all fire department employees regardless of classification.

Procedural background

The Union filed a motion for partial summary judgment on liability, and Baytown responded with its own motion for summary judgment. Both parties agree that the facts are undisputed and assert they were each entitled to a summary judgment as a matter of law. The issue then is whether the compensation plan adopted by Baytown for the fire fighter classification violates the same base salary requirement of section 143.041(b) as a matter of law. The trial court held, "there exists no issue of material fact as there is nothing that indicates that the differences in [base salary] received by the members of [the Union] are based on anything other than seniority or longevity" and granted summary judgment for Baytown as a matter of law. It is from this judgment that the Union now appeals.

Standard of review

■ Summary judgment is proper for a defendant if its summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987); *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 428 (Tex.1983); *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ When both parties move for summary judgment, each party must carry its own burden as the movant and, in response to the other party's motion, as the nonmovant. *James v. Hitchcock Indep. School Dist.*, 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). When both motions are before the court, the court may consider all the summary judgment evidence in deciding whether to grant either motion. *Dallas County Appraisal Dist. v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied). The court can rely on one party's evidence to supply missing proof in the other party's motion. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex. 1969); *Seaman v. Seaman*, 686 S.W.2d 206, 210 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). But the court must indulge all reasonable inferences and resolve all doubts in favor of the losing party. *University of Texas v. Big Train Carpet of El Campo*, 739 S.W.2d 792, 792 (Tex.1987).

■ In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Goldberg*, 775 S.W.2d at 752. Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in its favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Goldberg*, 775 S.W.2d at 752. When both parties file motions for summary judgment and at least one is granted and the other overruled, we determine on appeal all questions presented, including the propriety of the order overruling the losing party's motion. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Teledyne Isotopes, Inc. v. Bravenec*, 640 S.W.2d 387, 389 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). We are authorized to either affirm the judgment or reverse the judgment and render judgment that the trial court should have rendered. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958).

Baytown's summary judgment

In its first point of error, the Union asserts the trial court erred in granting

Baytown's motion for summary judgment because there are issues of material fact concerning whether the pay differentials in the fire fighter classification violate section 143.041(b). The Union at oral argument, however, conceded there are no issues of material fact. We therefore overrule the Union's first point of error.

In its second point of error, the Union asserts the trial court erred in granting Baytown's motion for summary judgment because Baytown's compensation plan violates the same base pay requirement of section 143.041(b), as a matter of law.

■ When a general law of the State of Texas and an ordinance of a home rule city appear to be in conflict, the duty of this Court is to reconcile the two if any fair and reasonable construction of the apparently conflicting enactments exist and if that construction will leave both enactments in effect. *City of Beaumont v. Fall*, 116 Tex. 314, 291 S.W. 202, 206 (1927); *City of Houston v. Reyes*, 527 S.W.2d 489, 494 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

It is undisputed that when Baytown enacted its current compensation plan, the city grouped employees in the fire fighter classification according to their years of service, as of April 1, 1988. There is no indication that Baytown was ignorant of section 143.041 or that it was attempting to circumvent it. As a result, fire fighters are paid a different base salary level depending on the years of service in that classification. However, each fire fighter with the same years of service receives the same base salary.

Baytown contends the differences between the respective salaries are based on the length of time a fire fighter has served in this classification and, thus, is permitted under section 143.041(c) as seniority pay. The Union, however, argues the differential in base salary cannot be construed as longevity or seniority pay increments. It is the Union's contention that longevity or seniority pay may properly be paid under section 143.041(c), only so long as it is a pay increment based on years of service and "it increases consistently and uniformly for all persons in the classification."

■ The Civil Service Act does not define longevity or seniority pay for purposes of applying section 143.041(c). There is likewise little case law construing how these types of additional compensation should be provided for, or how they should be calculated. It is clear, however, that section 143.041(b) provides that all persons within a classification shall be paid the same base salary; not that they shall be paid on a consistent and uniform sliding scale. TEX. LOCAL GOV'T CODE ANN. § 143.-041(b) (Vernon 1988); *City of Plano v. Acker*, 601 S.W.2d 68, 72 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) (construing TEX.REV.CIV.STAT.ANN. art. 1269m, § 8A now TEX. LOCAL GOV'T CODE ANN. § 143.041). Whether it is called compensation for tenure, longevity pay, seniority pay, or some other term, the incremental increase in base salary is based on the length of time an employee has served in the fire fighter classification. *City of Plano*, 601 S.W.2d at 72. As noted above, the parties do not dispute that Baytown grouped the employees in this classification according to number of years of service.

The fact that Baytown, under the step system, provided for incremental pay increases in base salary within each fire department classification in addition to longevity pay based on length of service with the department does not change the character of the payments. *Id.; see also Nichols v. Houston Police Officer's Pension Board*, 335 S.W.2d 261 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.) (a step system is an acceptable way to have pay difference based on seniority).

While the Union concedes that it does not have a vested right to receive automatic pay increases, its argument is just that. The Union argues that Baytown cannot maintain longevity or seniority pay increases for fire fighters based on seniority at a given point in time, while then depriving a fire fighter within the same classification who later achieves the same level of seniority the same pay increment. We disagree.

In *City of Beaumont v. Bond,* 546 S.W.2d 407 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.), the court specifically addressed the legal effect of Beaumont's decision to freeze automatic base salary increases. Beaumont had established three levels of pay within a civil service classification. The second and third levels were achieved after six and 18 months in each classification. The employees argued that the ordinance freezing the pay increases violated TEX.REV.CIV.STAT.ANN. art. 1269m, section 8A, now section 143.041. The court explained, "the real thrust of the employees' argument was that they acquired a vested right to receive salary increase at stated intervals in perpetuity; and having acquired such vested right, [the] City was powerless to ever repeal or modify the ordinance which the employee's claimed granted them such rights." *Bond,* 546 S.W.2d at 410. The court stated the employees did not have a vested right in and to the automatic pay increase. *Id.* Noting that Beaumont was acting within its delegated legislative power as a home rule city when it passed the ordinance freezing the pay increase, the court held that the ordinance did not violate the same base salary requirement of article 1269m, section 8A.

A home rule city derives it powers to legislate from TEX. CONST. art. XI, § 5 and TEX. LOCAL GOV'T CODE ANN. § 51.072 (Vernon 1988). The powers of home rule cities are subject to and may be limited only by their charters, by the constitution, or by general law. *Lower Colorado River Auth. v. City of San Marcos,* 523 S.W.2d 641, 644 (Tex.1975). Like the city of Beaumont, Baytown acted within its legislative authority to abolish automatic base salary increases. Baytown, through its city council, has the power to create positions, adopt a classification plan, set the rate of pay, and abolish positions. *City of Amarillo v. Hancock,* 239 S.W.2d 788, 792 (Tex.1951).

The legislative purpose of section 143.041 was to prevent discrimination among employees. *Nichols,* 335 S.W.2d at 263. The statute, however, specifically allows differences in pay based on longevity or seniority. In the instant case, the only basis for the differences in the base salary of the different members of the fire fighter classification is based on years on the job. The ordinance of the home rule city and the general law of Texas can be fairly and reasonably construed to be reconciled. *Fall,* 291 S.W. at 206. If reasonable, the duty of this Court is to reconcile and find no conflict.

In summary, because the base salary differences for employees of the fire fighter classification are based solely on number of years of service, Baytown's compensation plan for the fire fighter classification does not violate the same base salary requirement of section 143.041(b). This form of additional compensation is permitted by section 143.041(c).

The Union's second point of error is overruled.

Back pay and attorney's fees

In its third point of error, the Union asserts the trial court erred in refusing to award back pay and benefits to its members "negatively affected by the Baytown's payment of different base salaries." In its fourth point of error, the Union asserts the trial court erred by denying its request for attorney's fees pursuant to section 37.009 of the Uniform Declaratory Judgments Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). Because of our resolution of the Union's second point of error, the Union's third and fourth points of error have no merit.

The Union's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.