**Jerry E. CHILES, Appellant,**

v.

**CHUBB LLOYDS INSURANCE COMPANY, Appellee.**

**No. 01–91–01470–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1993.

Rehearing Denied Aug. 12, 1993.

**634**

James T. Liston, Richard J. White, Houston, for appellant.

Jerry V. Walker, Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a declaratory judgment following a bench trial on agreed facts. TEX.R.CIV.P. 263. The trial court found that appellee, Chubb Lloyds Insurance Company ("Lloyds"), had no duty under a homeowner's policy to defend or to pay costs of a defense of a divorce action against appellant, Jerry E. Chiles, its insured, because Chiles breached the policy's conditions. The trial court granted a take-nothing judgment against Chiles on his counterclaim.

Lloyds issued a homeowner's policy that provided Chiles personal liability coverage for bodily injury damages he became obligated to pay. The policy excluded coverage for damages resulting from bodily injury caused intentionally by, or at the direction of, the insured.

Patti Chiles sued Chiles for divorce and sought damages resulting from his alleged intentional and negligent conduct that caused her physical pain and mental anguish. At trial, Patti's negligence claims were not submitted to the jury; however, the trial court entered judgment awarding Patti monetary damages for Chiles' intentional infliction of emotional distress. On appeal, the Fourteenth Court of Appeals modified the trial court's judgment and denied Patti all relief except the granting of the divorce.[1] *Chiles v. Chiles*, 779 S.W.2d 127, 132 (Tex.App.—Houston [14th Dist.]

1989, writ denied). Chiles first notified Lloyds of the suit and Patti's claims after the trial.

The issues in the trial on agreed facts were: 1) whether Patti's claims against Chiles were covered by the policy; 2) whether Lloyds must prove prejudice to avoid any obligation to provide a defense for any claim otherwise covered by the policy; 3) whether Chiles' failure to comply with conditions precedent concerning notice voided Lloyds' otherwise existing obligation to provide a defense; and 4) whether Chiles was entitled to attorney's fees incurred in this action. The trial court found that the policy did not provide coverage for damages for intentionally-inflicted bodily injuries, such as the divorce judgment awarded Patti; that Chiles breached the policy's conditions precedent concerning notice to Lloyds; that Lloyds therefore owed Chiles no duty to defend or pay defense costs in the divorce suit; and that Chiles take nothing by reason of his counterclaim.

Chiles' second point of error is dispositive of the appeal, and we therefore address it first. Chiles asserts in this point that the trial court erred as a matter of law in holding that he breached the policy's condition precedent concerning notice, and that Lloyds therefore had no duty to defend or pay defense costs. This is so, Chiles argues, "because Texas law does not consider a timely notice provision in a general liability policy to be a 'condition precedent' to coverage."

A case submitted to the trial court upon an agreed stipulation of facts under TEX.R.CIV.P. 263 is in the nature of a special verdict and "is a request by the litigants for judgment in accordance with the applicable law." *Brophy v. Brophy*, 599 S.W.2d 345, 347 (Tex.Civ.App.—Texarkana 1980, no writ); *Unauthorized Practice of Law v. Jansen*, 816 S.W.2d 813, 814 (Tex.App.—Houston [14th Dist.] 1991, no writ). The court's judgment must declare only the law necessarily arising from the stipulated facts. *Jansen*, 816 S.W.2d at

---

1. The court of appeals found a pre-marital agreement to be valid and enforceable, and dis-

positive of all property claims. 779 S.W.2d at 128–29.

814. The question on appeal is limited to the issue of the correctness of the trial court's application of the law to the admitted facts. *Id.*

▪ Chiles cites *Dairyland County Mutual Insurance Company v. Roman*, 498 S.W.2d 154, 157 n. 2 (Tex.1973), as authority for the contention that the Texas State Board of Insurance ("the Board") now requires, by an amendatory endorsement effective March 1, 1973, a showing of prejudice to the insurer by its insured's failure to forward suit papers before the failure will bar liability under general liability policies. This is incorrect; the Board's order number 22582 made a revision of the Texas Standard Provisions for *automobile* policies. State Bd. of Ins., Revision of Texas Standard Provision For Automobile Policies Editions of April 1, 1955 and October 1, 1966—Amendatory Endorsement—Notice, Order No. 22582 (January 26, 1973). The cited *Roman* footnote involved uninsured motorists coverage and is not on point. *Roman*, 498 S.W.2d at 157 n. 2; *see also Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 462 (Tex.App.—Dallas 1991, no writ).

▪ However, by an amendatory endorsement effective May 1, 1973,[2] and applicable to all *general liability* policies issued in Texas, the Board now requires that the insurer be prejudiced by the insured's failure to forward suit papers before such a failure will bar liability under the policy. *Trevino v. Allstate Ins. Co.*, 651 S.W.2d 8, 11 n. 1 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); State Bd. of Ins., Revision of Texas Standard Provision For General Liability Policies—Amendatory Endorsement—Notice, Order No. 23080 (March 13, 1973). The record contains a certified copy of this order which states that:

As respects *bodily injury* liability coverage and *property damage* liability coverage, unless the company is prejudiced by the *insured's* failure to comply with the requirement, any provision of this policy requiring the *insured* to give notice of action, *occurrence* or loss, or requiring the *insured* to forward demands, notices, summons or other legal process, shall not bar liability under this policy.

*Instructions*

This endorsement must be attached to all General Liability policies issued or delivered in Texas.

*Id.*

Lloyds relies on *American Teachers Life Insurance Company v. Brugette*, 728 S.W.2d 763, 764 (Tex.1987), for the contention that proof of loss and notice of claim are conditions precedent to recovery on the policy. *Brugette* is distinguishable because it involved an accident policy. However, Lloyds attached to the joint motion for trial on agreed facts an affidavit from James Ross, Manager of Insurance Lines, Property Division, of the State Board of Insurance. Ross stated that a search of all the policy forms and endorsements for homeowner's insurance filed and preserved in the Property Section of the Board failed to disclose an endorsement for homeowner's policies stating that an insurance company must show that an insured's failure to report a loss within the contractually-required time prejudiced the company in order to deny coverage. The record before the trial court included no showing that Board order number 23080 applies to homeowner's policies, or that a homeowner's policy is a general liability policy.

▪ The policy before the trial court did not have the amendatory endorsement. The trial court had before it (1) a homeowner's policy stating that notice was a condition precedent, and (2) an affidavit essentially stating that an insurer did not have to show prejudice before denying a claim on grounds of untimely notice. The trial court's judgment was based on the law arising from the stipulated facts.

---

**2.** We note that this amendatory endorsement for all general liability policies became effective May 1, 1973, and not May 1, 1976. State Bd. of Ins., Revision of Texas Standard Provision For General Liability Policies—Amendatory Endorsement—Notice, Order No. 23080 (March 13, 1973); *contra Trevino v. Allstate Ins. Co.*, 651 S.W.2d 8, 11 n. 1 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Shelton v. Ray*, 570 S.W.2d 419, 420 (Tex.Civ.App.—El Paso 1978, no writ).

Thus, the trial court did not err in finding that Lloyds had no duty to defend or to pay defense costs because Chiles failed to give timely notice of his claims. *Jansen*, 816 S.W.2d at 814. We overrule Chiles' second point of error.

Because Chiles' second point of error is dispositive of this appeal, we do not address his first and third points of error. We affirm the trial court's judgment.