TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-95-00108-CV







Round Rock Plaza Venture and Robert M. Tiemann, Appellants



v.



Maryland Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


 NO. 94-00484, HONORABLE JERRY DELLANA, JUDGE PRESIDING








 On motion for rehearing, we withdraw our previous opinion and judgment dated
November 22, 1995, and substitute the following.

 Plaintiffs Round Rock Plaza Venture and Robert M. Tiemann appeal from a
summary-judgment order that they take nothing in their suit against Maryland Insurance
Company. We will reverse the trial-court judgment and remand the cause for trial.



BACKGROUND


 Appellants are owners of a shopping center in Round Rock, Texas. Furniture
Center of Round Rock, Inc., a tenant of the shopping center, obtained a judgment against
appellants in the amount of $162,275 plus interest and costs and $17,500 in attorneys fees for
damages from flooding when the shopping center's sewer line backed up causing the toilets in the
restroom to overflow. Although flooding occurred on August 28, 1991, during the coverage
period of the Texas Commercial Package Policy ("the policy") issued by Maryland Insurance
Company ("Maryland") to appellants, Maryland denied coverage based on an exclusion in the
policy and refused to defend the Furniture Center suit.

 Appellants Round Rock Plaza Venture ("the Venture") and Robert Tiemann, its
managing venturer, filed the present action alleging Maryland breached their insurance contract
by failing to defend and indemnify appellants in the Furniture Center suit. On cross-motions for
summary judgment, the trial court granted summary judgment in favor of Maryland and this
appeal ensued.

 In our previous opinion, we reversed the trial-court judgment because we held the
policy's pollution exclusion inapplicable and remanded because fact questions remain. However,
we failed to address Maryland's alternate ground for summary judgment against appellant
Tiemann, the managing partner of the Venture.



DISCUSSION


 In their first point of error, appellants contend the trial court erred in granting
Maryland's motion for summary judgment and in denying appellants' motion for new trial because
the policy's pollution exclusion does not apply to damages caused by a back-up in the sewer line. (1) 
The language in dispute can be found under "Exclusions" in the Commercial General Liability
Coverage part of the policy. Part 2.f excludes coverage for:



"Bodily injury" or "property damage" arising out of the actual, alleged or
threatened discharge, dispersal, release or escape of pollutants:


(a) At or from premises you own, rent or occupy;


. . . . 


Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant,
including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste
includes materials to be recycled, reconditioned or reclaimed.



Maryland contends that because sewage is "waste" this pollution exclusion unambiguously bars
coverage. We disagree.

 It is well-settled that insurance policies are controlled by the rules of interpretation
and construction applicable to contracts in general. See Forbau v. Aetna Life Ins. Co., 876
S.W.2d 132, 133 (Tex. 1994); Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 665 (Tex. 1987). 
These rules of construction apply even more stringently when, as here, the dispute involves the
interpretation of limitations or exclusions. See Barnett, 723 S.W.2d at 666. When the language
of a policy is ambiguous or otherwise susceptible to more than one reasonable interpretation, the
canon of liberal construction requires that the policy language be construed strictly against the
insurer and liberally in favor of coverage. See id.; National Union Fire Ins. Co. v. Hudson
Energy Co., 811 S.W.2d 552, 555 (Tex. 1991).

 We conclude the policy language excluding coverage for damage caused by
"pollutants" is ambiguous when applied to the facts of this case. (2) The policy defines "pollutants"
as an "irritant or contaminant including . . . waste," but the terms "irritant" and "contaminant"
are not defined. "Waste" is described inclusively in terms of certain functions such as recycling
or reclaiming rather than in terms of certain substances such as sewage. Thus, it is not clear that
sewage overflowing from a toilet falls within the purview of this pollution exclusion. Also,
language in another part of the policy under the commercial property loss coverage specifically
excludes coverage for direct losses "[c]aused by or resulting from . . . water which backs up
through sewers or drains." Therefore, it seems that if damages caused by a back-up in the sewer
line were meant to be excluded from liability coverage, then the policy would have stated so
explicitly.

 Finding the pollution exclusion ambiguous, we follow the rule of liberal
construction and construe the policy strictly against Maryland, the insurer. Accordingly, we hold
the pollution exclusion does not bar coverage for the damage in issue and sustain appellants' first
point of error. 

 In a cross-point, appellee Maryland contends that even if we find the pollution
exclusion inapplicable, summary judgment was proper because appellants failed to provide
"prompt" notice of the occurrence as required by the policy. When, as here, the facts about
whether notice comported with the policy requirements are disputed, the question of timeliness
is one of fact. See E.B. Smith Co. v. United States Fidelity & Guar. Co., 850 S.W.2d 621, 625
(Tex. App.--Corpus Christi 1993, writ denied).

 Even if the trial court determines that notice was untimely, the Maryland policy
contains an endorsement providing that failure to comply with the notice requirement will not bar
coverage unless the insurer is "prejudiced" by such failure. Under the terms of this endorsement,
the insurer must establish prejudice to avoid liability. Chiles v. Chubb Lloyds Ins. Co., 858
S.W.2d 633, (Tex. App.--Houston [1st Dist.] 1993, writ denied); Allstate Ins. Co. v. Pare, 688
S.W.2d 680, 681 (Tex. App.--Beaumont 1985, writ ref'd n.r.e.). Whether an insurer is prejudiced
by its insured's failure to comply with the notice requirements is also a question of fact. See
Chiles, 858 S.W.2d at 635; 8 John A. Appleman and Jean Appleman, Insurance Law and Practice
§ 4734 (Supp. 1994). Thus, because essential fact questions remain, summary judgment is
improper. See Tex. R. Civ. P. 166a(c); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). In
light of the foregoing disposition, we need not address appellants' second and third points of
error.

 Alternatively, Maryland moved for summary judgment against appellant Tiemann
claiming that he had no cause of action and suffered no injury. However, neither Maryland nor
appellants addressed this argument in their briefs before this court. Nevertheless, on rehearing
we will consider this argument in our review of the trial-court judgment. See Tex. R. Civ. P.
166a(c); State Farm Fire & Casualty Co. v. S.S, 858 S.W.2d 374, 380 (Tex. 1993). Maryland
contends that Tiemann lacks standing because he was not sued in the underlying action by the
furniture store, and as a result, Maryland breached no legal duty owed to Tiemann. We disagree.

 The pleadings and evidence establish, and Maryland does not contest, that Tiemann
is the managing partner of the Venture. Tiemann sued Maryland in his representative capacity. 
Although the cause of action against Maryland belonged to the Venture as a partnership entity,
Tiemann was not precluded from prosecuting the suit as a partner of the Venture. See Chien v.
Chen, 759 S.W.2d 484, 489-92 (Tex. App.--Austin 1988, no writ). Additionally, Tiemann, as a
representative of the Venture, is a named insured in Maryland's policy. A contract of insurance
on property operates in favor of the "insured", and all duties under the contract flow to the
"insured." See 45 Tex. Jur. 3d Insurance Contracts and Coverage § 62 (1995). We hold
summary judgment was not proper against appellant Tiemann.


CONCLUSION


 For the reasons given, we reverse the summary-judgment order and remand the
cause to the trial court for further proceedings not inconsistent with this opinion.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Reversed and Remanded

Filed: January 17, 1996

Publish

1.   The parties disagree whether the flooding consisted of clear water or raw sewage. 
We will assume for purposes of this appeal that raw sewage flooded the furniture store.
2.   Appellee Maryland cites the Texas Supreme Court's recent opinion in National
Union Fire Insurance Co. v. CBI Industries, Inc., 39 Tex. Sup. Ct. J. 7 (Oct. 5, 1995), in
support of its claim that the absolute pollution exclusion is clear and unambiguous. Although
the disputed policy language is similar, the underlying facts in CBI Industries are quite
different. Additionally, the Supreme Court limited its holding to those facts. See CBI
Industries, 39 Tex. Sup. Ct. J. at 10.


ent was proper because appellants failed to provide
"prompt" notice of the occurrence as required by the policy. When, as here, the facts about
whether notice comported with the policy requirements are disputed, the question of timeliness
is one of fact. See E.B. Smith Co. v. United States Fidelity & Guar. Co., 850 S.W.2d 621, 625
(Tex. App.--Corpus Christi 1993, writ denied).

 Even if the trial court determines that notice was untimely, the Maryland policy
contains an endorsement providing that failure to comply with the notice requirement will not bar
coverage unless the insurer is "prejudiced" by such failure. Under the terms of this endorsement,
the insurer must establish prejudice to avoid liability. Chiles v. Chubb Lloyds Ins. Co., 858
S.W.2d 633, (Tex. App.--Houston [1st Dist.] 1993, writ denied); Allstate Ins. Co. v. Pare, 688
S.W.2d 680, 681 (Tex. App.--Beaumont 1985, writ ref'd n.r.e.). Whether an insurer is prejudiced
by its insured's failure to comply with the notice requirements is also a question of fact. See
Chiles, 858 S.W.2d at 635; 8 John A. Appleman and Jean Appleman, Insurance Law and Practice
§ 4734 (Supp. 1994). Thus, because essential fact questions remain, summary judgment is
improper. See Tex. R. Civ. P. 166a(c); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). In
light of the foregoing disposition, we need not address appellants' second and third points of
error.

 Alternatively, Maryland moved for summary judgment against appellant Tiemann
claiming that he had no cause of action and suffered no injury. However, neither Maryland nor
appellants address