NUMBER 13-04-502-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

ARANSAS COUNTY 

APPRAISAL DISTRICT, ET AL.,                                                  Appellants,

 

                                                             v.                                

 

PATTERSON-UTI-DRILLING

(SOUTH) LP, LLLP,                                                                         Appellee.

 

      On
appeal from the 36th District Court of Aransas County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum
Opinion by Justice Garza           

 








This is an appeal from a judgment in an agreed case
under rule 263.  See Tex. R. Civ. P. 263.  The parties, the Aransas County Appraisal
District, the San Patricio County Appraisal District (Aappellants@), and Patterson-UTI-Drilling dispute whether
appellants could lawfully tax appellee=s drilling rig. 
See Tex. Tax. Code Ann. ' 21.02 (Vernon 2001).[1]  The trial court found that the drilling rig
was not present in Aransas County for more than a temporary period of
time.  Based on that finding, the trial
court ruled that appellants could not tax the rig.  According to the trial court, the rig could
be taxed only in Scurry County, the county of appellee=s principal place of business.  Appellants now argue that the trial court did
not properly apply the law to the agreed facts of the case.  We affirm the judgment of the trial court for
the following reasons.                

Special rules apply to agreed cases under rule
263.  A case submitted to the trial court
upon an agreed stipulation of facts under rule 263 is in the nature of a
special verdict and is a request by the litigants for judgment in accordance
with the applicable law.  Chiles v.
Chubb Lloyds Ins. Co., 858 S.W.2d 633, 634 (Tex. App.BHouston [1st Dist.] 1993, writ denied).  The court=s
judgment must declare only the law necessarily arising from the stipulated
facts.  Id.  The question on appeal is limited to the
issue of the correctness of the trial court=s
application of the law to the admitted facts. 
Id. at 635.    








As stated above, the judgment in this case turned on
the trial court=s finding that appellee=s drilling rig was not located in Aransas County for
more than a temporary period of time.[2]  Whether property is located in a taxing
district for more than a temporary period of time is an issue of fact.[3]  Appellants admit this in their brief.  See Appellants= Opening Brief p.18 (AThe question of . . . tax situs is factual and
dependent on the situation in each case.@).  In other
cases involving the trial court=s finding regarding tax situs, we have reviewed the
sufficiency of the evidence to support the trial court=s finding.  See,
e.g., Exxon Corp., v. San Patricio County Appraisal Dist.,
822 S.W.2d 269, 275 (Tex. App.BCorpus Christi 1991, writ denied) (reviewing the
sufficiency of the evidence to support the trial court=s finding that oil was located in a county for more
than a temporary period).  However, in
cases tried on stipulated facts, we are not allowed to review the legal or
factual sufficiency of the evidence.  City
of Harlingen v. Avila, 942 S.W.2d 49, 51 (Tex. App.BCorpus Christi 1997, writ denied).  Appeals from such cases are limited to the
single issue of the correctness of the application of the law to the admitted
facts.  Reed v. Valley Fed. Sav. &
Loan Co., 655 S.W.2d 259, 264 (Tex. App.BCorpus
Christi 1983, writ ref=d n.r.e.).             








In this case, we cannot decide the correctness of
the trial court=s application of the law to the facts without either
making our own finding of fact (regarding the temporary or more than temporary
presence of the rig) or reviewing the sufficiency of the evidence supporting
the trial court=s finding of fact. 
We are not allowed to review the sufficiency of the evidence in an
agreed case.  Avila, 942 S.W.2d at
51.  Furthermore, neither the trial court
nor the reviewing court is allowed to make any findings of fact that do not
conform to the stipulated facts.  Reed,
655 S.W.2d at 264.  The supreme court has
explained that the submission of a case based on agreed facts is an agreement
that there are no disputed facts in the case. 
Hutcherson v. Sovereign Camp, W. O. W., 251 S.W. 491, 492 (Tex.
1923).  In this case, the parties are
clearly disputing a material fact.   

Although findings of fact are ordinarily
inappropriate in agreed cases, at times, inferential findings beyond the agreed
or stipulated facts may be necessarily compelled by the facts as a matter of
law.  See Davis v. State, 904
S.W.2d 946, 950-51 (Tex. App.BAustin 1995, no writ).  The trial court=s
finding in this case was not necessarily compelled by the parties= agreed statement of facts.  The law controlling the parties= dispute requires the trial court, in the first
instance, to consider the amount and type of contact the property has with the
government imposing the tax.  Exxon
Corp., 822 S.W.2d at 274.  The
parties have not identified, nor is this Court aware of, any case precedent
that would compel the trial court to find, based on their agreed statement of
facts, that the drilling rig was or was not present in Aransas County for more
than a temporary period of time. 








 Appellants
have not complained of any error regarding the trial court=s issuance of a finding of fact in this agreed case,
even though the authority discussed above demonstrates that the trial court
erred by doing so.  See Davis, 904
S.W.2d at 946.  Appellants= only complaint is that the trial court found the
wrong fact.  Appellants contend that Athere is no evidence to support the trial court=s finding.@  As noted
above, we cannot review the sufficiency of the evidence to support the trial
court=s finding.  Avila,
942 S.W.2d at 51.  We also cannot reverse
the trial court=s judgment based on an error that was not raised at
trial or argued on appeal.  See Tex. R. App. P. 33.1 (Preservation; How
Shown); 38.1 (Appellant=s Brief); 44.1 (Reversible Error in Civil Cases).[4]    

Accordingly, appellants= issues are overruled, and the judgment of the trial
court is affirmed.  

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 26th day of August, 2005.











[1] The rig was located in Aransas
County on January 1, 2002 and was appraised by the Aransas County Appraisal
District for all but school district purposes; the San Patricio County
Appraisal District appraises the area where the rig was located for the Aransas
Pass Independent School District.  Thus,
only one rig and one physical location is involved, but two lawsuits were necessary.  





[2] Whether property has been located
in a taxing district for more than a temporary period depends on more than
simply the amount of time the property has been located in a taxing
district.  Instead, the more relevant
concern is the amount and type of contact the property has with the government
imposing the tax.  See Exxon Corp.,
v. San Patricio County Appraisal Dist., 822 S.W.2d 269, 274 (Tex. App.BCorpus Christi 1991, writ denied). 





[3] Rockdale Indep. Sch. Dist. v.
Thorndale Indep. Sch. Dist., 681 S.W.2d 225, 228 (Tex. App.CAustin  1984, writ ref=d n.r.e.) (A[T]he question of permanent versus
temporary in a tax situs context is a fact question and must be determined on a
case by case basis.@); Lawson v. Groves, 487
S.W.2d 439, 441 (Tex. Civ. App.C1972, no writ) (AThe question of . . . tax situs is factual and dependent on
the situation in each case.@).  Dallas v.
Overton, 363 S.W.2d 821, 825 (Tex. Civ. App.CWaco 1963, writ ref=d n.r.e.) (AThe question of whether or not the
property in question is Amore or less permanent,@ as the term is often utilized,
depends upon the factual situation in each case . . . .@).  






[4] Of course, there is an exception
to this rule for issues affecting our jurisdiction, M. O. Dental Lab v. Rape,
139 S.W.3d 671, 673 (Tex. 2004); however, our jurisdiction is not implicated by
any issue relevant to this appeal.