Martin CASSIDY, Richard Hill, and
Ronald Lindsey, Appellants,

v.

CITY OF BALCH SPRINGS, Texas and
K.M. Hubert, Individually and in Her
Capacity as City Manager of Balch
Springs, Texas, Appellees.

No. 05–05–01340–CV.

Court of Appeals of Texas,
Dallas.

March 26, 2007.

Rehearing Overruled May 2, 2007.

B. Craig Deats, Deats Durst Owen &
Levy, PLLC, Austin, for Appellants.

Paul K. Pearce, Jr., Matthews, Carlton,
Stein, Shiels, Pearce, Dunn & Knott, Dallas, for Appellees.

Before Justices MORRIS,
WHITTINGTON, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

In this case, we address whether governmental immunity protects a municipality from a lawsuit for compensation allegedly owed pursuant to the civil service provisions of the Texas Local Government Code. Appellants Martin Cassidy, Richard Hill, and Ronald Lindsey contend the trial court erred in granting the plea to the jurisdiction filed by the City of Balch Springs and K.M. Hubert because there is no governmental immunity from appellants' statutory claims. Based on recent Texas Supreme Court rulings, we are compelled to conclude that both the City and Hubert are immune from appellants' claims for compensation. Accordingly, we affirm the trial court's order dismissing appellants' claims for compensation.

## I.

Appellants were employed as police officers for the City of Balch Springs. In 2003, appellants filed suit against both the City and K.M. Hubert, individually and in her capacity as city manager of Balch Springs, stating the City failed to pay them in compliance with certain statutorily required and enacted pay plans. Appellants alleged claims both for statutory violations and for negligence.

In response, the City and Hubert filed a plea to the jurisdiction based on the doctrine of governmental immunity. Both the City and Hubert argued that the City, as a governmental entity, was immune from suit and neither the legislature nor the City had waived the City's immunity in

this case. The City and Hubert further argued that because all of appellants' claims against Hubert were based on actions she performed in her official capacity as city manager, she was also protected by governmental immunity.

Appellants responded to the plea contending the statutes under which they were asserting their claims for compensation waived immunity from suit. Appellants also relied upon the "plead and be impleaded" language of section 51.075 of the Texas Local Government Code and similar language in the Balch Springs City Charter to assert that the City's governmental immunity had been waived.

The trial court granted the City and Hubert's plea to the jurisdiction and dismissed appellants' claims for lack of subject matter jurisdiction. In this appeal, appellants do not challenge the dismissal of their claims against Hubert individually. Nor do they challenge the dismissal of their negligence claims. The sole issue in this appeal is whether the trial court erred in concluding appellants' suit to enforce a statutory right to compensation was jurisdictionally barred by governmental immunity.

## II.

The original petition in this case sets forth a claim to recover wages allegedly owed pursuant to a pay plan enacted under the civil service provisions of the Texas Local Government Code regulating compensation and benefits for municipal civil service workers. In appellants' petition, they specifically rely on chapter 143 of the Local Government Code.[1] *See* TEX. LOCAL GOV'T CODE ANN. § 143.001–.363 (Vernon 1999 & Supp.2006). According to appel-

---

1. Appellants also cite to chapter 141 in their appellate brief. Their petition, however, re-

lies solely on chapter 143.

lants, the city council enacted an ordinance requiring certain wage increases to be paid to police officers and, although appellants performed their assigned duties, both the City and Hubert failed to pay appellants as required by law.[2] Appellants contend there is no jurisdictional bar to enforcing the civil service provisions of the Local Government Code that set forth the requirements for the payment of wages and benefits.

■ Appellants argue that the City's and Hubert's governmental immunity has been waived generally by the "plead and be impleaded" language of section 51.075 of the Texas Local Government Code and similar language in the Balch Springs City Charter. This argument was rejected in the Texas Supreme Court's recent decision in *Tooke v. City of Mexia,* 197 S.W.3d 325, 342 (Tex.2006). In *Tooke,* the supreme court held the phrases "sue and be sued" and "plead and be impleaded" as used in section 51.075 and a city charter provision were not a clear and unambiguous waiver of immunity. *See id.* at 342–43. Accordingly, these provisions could not defeat the City and Hubert's plea to the jurisdiction.

Appellants' second argument is that there is no governmental immunity from suit under the civil service statutes of the Local Government Code. This argument has likewise been resolved against them by a recent supreme court opinion. *See City of Houston v. Williams,* 216 S.W.3d 827 (Tex.2007) (per curiam). In *City of Houston v. Williams,* a group of over three hundred firefighters sued the City of Houston to recover amounts they alleged were improperly deducted from their termination pay. *Id.* at 828. The firefighters asserted their rights to these payments under chapters 142 and 143 of the Texas Local Government Code. *Id.* In a per curiam opinion, the supreme court concluded that, because "the firefighters' only conceivable remedy [was] an award of money damages," the City was entitled to immunity unless the firefighters could show their claims fell within the waiver provisions of sections 271.151–.160 of the Local Government Code.[3] *Id.* at 828–29. Although the supreme court did not directly address whether a general waiver of immunity existed under the civil service statutes, the absence of a general waiver is clearly implied by the outcome.

In rendering its opinion, the supreme court also did not address the numerous opinions it has issued in the past, as well as those issued by various Texas courts of appeals, in which the court has asserted general jurisdiction over claims made under the civil service statutes and, in many cases, awarded the plaintiffs back pay. *See e.g., Tijerina v. City of Tyler,* 846 S.W.2d 825 (Tex.1992); *Lee v. City of Houston,* 807 S.W.2d 290 (Tex.1991); *Kierstead v. City of San Antonio,* 643 S.W.2d 118 (Tex. 1982); *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158 (1961); *City of Austin v. Castillo,* 25 S.W.3d 309 (Tex. App.-Austin 2000, pet. denied); *City of Harlingen v. Avila,* 942 S.W.2d 49 (Tex. App.-Corpus Christi 1997, writ denied); *City of Galveston v. Russo,* 508 S.W.2d 882 (Tex.Civ.App.-Houston [14th Dist.] 1974, writ ref'd n.r.e.). In *Stauffer v. City of San Antonio,* the supreme court specifically addressed the power of the district court to hear and decide statutory civil service claims. The court concluded then that, unless the power to determine the matter was statutorily conferred upon the Civil Service Commission, the district

---

2. Neither the City nor Hubert filed special exceptions to appellants' original petition.

3. Appellants in this case have not asserted that their claims fall within the waiver provisions of sections 271.151–.160 of the Local Government Code.

court had jurisdiction over the claim. *See Stauffer,* 344 S.W.2d at 161. While *Stauffer* does not deal with the issue of immunity, the outcome of the case, as well as the cases cited above, arguably conflict with the outcome in *Williams.*

■ In addition, the supreme court has repeatedly held that immunity should not be found if to do so would defeat legislative intent and the true purpose of the law. *See Texas Dept. of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 697 (Tex.2003); *Kerrville State Hosp. v. Fernandez,* 28 S.W.3d 1, 3 (Tex.2000) (the requirement that waiver of immunity be expressed clearly and unambiguously is not an end in itself but merely a method to guarantee that courts adhere to legislative intent). The purpose of the civil service statutes, as expressly stated by the legislature, is to ensure that fire and police department personnel are free from political influence. *See* TEX. LOCAL GOV'T CODE ANN. § 143.001 (Vernon 1999). To achieve that end, the legislature limited local discretion in the promotion, discipline, and compensation of firefighters and police officers. In the area of compensation, the legislature set forth specific rules regarding entitlement both to a base salary and to additional salary, if applicable. *See id.* at § 143.041. To deny employees of the fire and police departments recourse in cases where the municipality violates these statutes would eviscerate the statutes' expressly stated purpose. The statutes were designed to protect employees from unfettered local authority. Such protection would be illusory without the ability to enforce the statutes.[4]

■ Despite the fact that governmental immunity from claims under the civil service statutes is not generally supported either by historic precedent or the legislature's stated purpose for the statutes, we are compelled by the supreme court's opinion in *Williams* to conclude that the City in this case is immune from appellants' suit for compensation brought under these provisions. Because appellants' claim was brought solely under the civil service statutes, we conclude the trial court did not err in granting the City and Hubert's plea to the jurisdiction.

■ We recognize that appellants have requested an opportunity to amend their pleadings to assert their claim as a declaratory judgment action because they argue it is "clearly an appropriate subject for declaratory relief." There is no governmental immunity from suits to construe legislation. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 859–60 (Tex.2002). Governmental immunity cannot be circumvented, however, by characterizing a suit for damages as a declaratory judgment action. *See id.* at 856. Appellants, unlike plaintiffs in other cases we have addressed, fail to point out what "legitimate question of statutory interpretation" is at issue in their suit.[5] *See Williams,* 216 S.W.3d at 828. Accordingly, we decline to remand the case to allow appellants to replead.

We affirm the trial court's order dismissing this cause for want of jurisdiction.

---

4. We recognize that in our recent decisions in *City of Dallas v. Albert,* 214 S.W.3d 631 (Tex. App.-Dallas 2006, no pet. h.) and *City of Dallas v. Martin,* 214 S.W.3d 638 (Tex.App.-Dallas 2006, no pet. h.) we held the City was immune from certain claims brought by firefighters and police officers for back pay alleg-edly owed pursuant to a city ordinance. The claims in those suits, however, were based on an alleged breach of contract, not on chapter 143.

5. *See supra* note 4.