# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00594-CV

**Clifton Alexander, Rob Acker, Joe Augeri, James Baker, Brad Ballard, John Banning, Scott Bartell, Edward Baxter, Dan Beard, David Bearden, David Belknap, Mikel Borg, David Brietzke, Drew Britcher, Becky Brooks, Kevin Brooks, Malvin Brown, Palmer Buck, Richard Bunte, Jeremy Burke, Richard Candelario, Alfred Cervera, Bret Carr, Michael Chappell, Duncan Charlton, Andrew Chelf, John Cherry, Ed Cisler, Larry Clowry, Jerry Cohen, Wade Crain, Greg Crowley, Prestin Curtis, Marshall Dandridge, Richard Davis, Scott Decuir, Doug Dedear, David Dixon, Tom Dodds, Anthony Dwyer, Lynn Eichler, Donald Eickhoff, Doug Eickhoff, Dan Elliott, Tracy Evans, George Felix, Stuart Finnessey, Crocket Foster, Lionel Foster, Doug Fowler, Faron Fowler, Ken Fowler, Mike Frick, Daniel Galvan, Mike Geraty, Lawrence Gess, John Green, Guy Groomer, Randy Gunn, Luis Gutierrez, Bob Hamilton, Rob Hayden, Daniel Herman, Gregorio Hernandez, David Hiebert, Patrick Holman, Mary Ann Hubbard, Phil Jack, Scott Janecek, Randy Jones, Andre Jordan, Travis Jordan, Janet Kallus, Clifford Kealey, Bryan Kent, Coit Kessler, Edgar Kneupper, Kelly Knobloch, Chris Lafferre, Brad Landi, John Lenz, Raymond Lescbher, Mike Littrell, Ken Lones, Joe Loughran, John Lowery, David Lundstedt, Eric Lupton, Mark Madison, Thomas Madison, Carmen Maguire, Danny Marquis, Juan J. Martinez, Steve Martinez, Matt McBrayer, Donald McCullough, Matt McElerney, Les Mckay, Marion McKibbin, William McLain, Richard Mendez, Brent Meisenheimer, Chad Messersmith, Larry Miller, Will Moncrief, Ricky Moore, Phil Mueller, Mike Nascimbeni, Randell Nations, Michael Norris, Glen O'Dell, Terrence Oertli, Joe Olague, Lonnie Owen, Robert A. Parker, Greg Paschall, Wayne Parrish, Mike Pearson, Angel Perez, Kregg Phillips, Paul Phillips, Mark Pigg, Hunter Pomroy, Todd Pomroy, Greg Powers, Tye Prange, Gary Priest, Carie Pritchard, Andy Reardon, Gret Reddish, Tom Reiner, Scott Reynolds, Roy Richardson, Joe Ridgeway, Alex Rodriguez, Edward Roel, Dean Rumel, Chris Sandman, Marcello Saenz, Nicholas Schappe, Kim Schmidt, Mark Schultz, Barbara Scotti, Vincente Serrano, Andrew Shultz, David Smith, Mike Stephenson, Tracey Suire, Roger Tanner, Everett Thomas, Kathy Touretellotte, Tim Treckman, Stephen Truesdell, Rene Vallejo, Stan Van Hoose, Miguel Vasquez, Robert Vickery, Art Vieria, Mike Villarreal, Brandon Wade, Bryan Wagers, John Wakefield, Scott Walters, Chris Watson, Charles Weise, John Weller, Lawrence Wesley, Jan Wesson, Carlton Whitehorst, Tommy Wilkins, Michael Williams, Lance Williamson, Hugh Woodard, Gerald Worry, and Scott Worth, Appellants**

v.

**City of Austin, Appellee**

**O P I N I O N**

A number of current and former Austin fire fighters (collectively, "the Fire Fighters") filed suit against the City of Austin ("the City"), claiming violations of the Fire Fighter and Police Officer Civil Service Act, *see* Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (West 2008) ("the Civil Service Act"). The Fire Fighters sought declaratory, injunctive, and mandamus relief, as well as an award of back pay. The parties filed cross-motions for summary judgment, and the trial court issued a final order granting summary judgment in favor of the City. The Fire Fighters then brought the present appeal from the trial court's order granting summary judgment. We affirm the order granting summary judgment.[1]

**BACKGROUND**

The Fire Fighters brought the present suit in response to City of Austin Ordinance 020926-13, which they allege violates sections 143.041 and 143.044 of the Civil Service Act by preventing them from simultaneously receiving both certification pay and educational incentive pay.[2] *See id.* §§ 143.041, .044. Section 143.041 provides that all fire fighters in the same classification are entitled to the same base salary, and that in addition to their base salary, each fire

---

[1] The parties' motions for leave to file supplemental post-submission briefs are hereby granted.

[2] The parties stipulated at trial that the City of Austin is a home-rule city subject to the relevant provisions of the Civil Service Act.

2

fighter is entitled to certain types of supplemental compensation at the discretion of the municipality, including "educational incentive pay" and "certification pay" as authorized by section 143.044. *Id.* § 143.041(b), (c); *see also id.* § 143.044(b), (c). Section 143.044 governs the provision of educational incentive pay and certification pay as follows:

> (b) If each fire fighter or police officer in a municipality is afforded an opportunity to qualify for certification, the municipality's governing body may authorize certification pay to those fire fighters who meet the requirements for certification set by the Commission on Fire Protection Personnel Standards and Education or for those police officers who meet the requirements for certification set by the Commission on Law Enforcement Officer Standards and Education.

> (c) If the criteria for educational incentive pay are clearly established, are in writing, and are applied equally to each fire fighter or police officer in a municipality who meets the criteria, the municipality's governing body may authorize educational incentive pay for each fire fighter or police officer who has successfully completed courses at an accredited college or university.

*Id.* § 143.044.

In Ordinance 020926-13, the City set forth the requirements and criteria for fire fighters to receive supplemental compensation pursuant to section 143.044. Of relevance to this appeal, the ordinance includes the following language: "A firefighter shall not be entitled to receive both Firefighter Certification Pay and Education Incentive Pay."

In response to the ordinance, the Fire Fighters filed the present suit, alleging that the ordinance violated the Civil Service Act by preventing them from receiving both types of supplemental pay. The trial court granted summary judgment in favor of the City, and this appeal followed.

3

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). Evidence favorable to the non-movant is taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

## DISCUSSION

In two points of error on appeal, the Fire Fighters argue that the City's ordinance prohibiting individual fire fighters from simultaneously receiving both certification pay and educational incentive pay violates the Civil Service Act by (1) failing to award certification pay to all those fire fighters who qualify and (2) failing to award educational incentive pay to all fire fighters who meet the criteria.

Because home-rule cities derive their power from the Texas Constitution, *see* Tex. Const. art. XI, § 5, and possess the full power of self-government, home-rule city ordinances are presumed valid. *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). Furthermore, "a general law and a city ordinance will not be held repugnant to each other[] if any other reasonable construction, leaving both in effect, can be reached." *City of Beaumont v. Fall*, 291 S.W. 202, 206 (Tex. 1927) (emphasis omitted). Accordingly, if we can reach a reasonable construction of the City's ordinance and the Civil Service Act that leaves both laws in effect, we must do so.

4

Section 143.044(b), governing certification pay, states that if each fire fighter in a municipality is afforded an opportunity to qualify for certification, the municipality "*may* authorize certification pay to those fire fighters who meet the requirements for certification." Tex. Loc. Gov't Code Ann. § 143.044(b) (emphasis added). This language clearly indicates that the City's payment of certification pay is discretionary. The Fire Fighters argue, however, that once the City has exercised its discretion to provide certification pay, the statute requires that the payment be made to "those fire fighters" meeting the requirements, without exception. *Id.*

We find it significant that the statute uses the word "may," rather than "shall," in connection with the authorization of certification pay. *See* Tex. Gov't Code Ann. § 311.016 (West 2005) (in interpreting statutes, "may" creates discretionary authority or grants permission or power, while "shall" imposes duty). Keeping in mind that we must reach a reasonable construction of the ordinance that is consistent with section 143.044(b) if it is possible to do so, we hold that by providing that the City "*may* authorize certification pay to those fire fighters who meet the requirements," section 143.044(b) grants the City discretionary authority to set conditions resulting in the award of certification pay to some fire fighters meeting the requirements, but not others.[3] *See id.* (emphasis added).

Similarly, section 143.044(c) provides that a municipality may authorize educational incentive pay "[i]f the criteria for educational incentive pay are clearly established, are in writing,

---

[3] Our analysis is limited to the facts of this case, in which there is no assertion that the City is withholding certification pay based on membership in a protected class or in any manner that would fail to satisfy a rational basis review in the event of an equal protection challenge. *See, e.g.*, *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 784 (Tex. 2005) (observing that when no suspect class or fundamental right is involved, "the government is permitted to give classes disparate treatment . . . as long as it has a rational basis for doing so").

5

and are applied equally" to each fire fighter who meets the criteria. *Id.* § 143.044(c). The statute does not limit the municipality's authority to promulgate the criteria for educational incentive pay. In this case, the City has included a criterion that in order to receive educational incentive pay, the fire fighter must not also be receiving certification pay. This requirement is clearly established, is in writing, and is applied equally to each fire fighter, as required by the statute. *See id.* The ordinance provides written notice to all fire fighters employed by the City that in order to be eligible for educational incentive pay, they must not also be receiving certification pay.[4] This is all that the statute requires. As a result, we hold that the City's ordinance is not inconsistent with section 143.044(c).

With respect to both certification pay and educational incentive pay, the Fire Fighters also contend that the ordinance violates a "non-discrimination requirement" applicable to pay supplements under the Civil Service Act. In support of this argument, the Fire Fighters cite section 143.041(b), which states that all fire fighters "in the same classification are entitled to the same base salary." *Id.* § 143.041(b). While this provision refers only to base salary, the Fire Fighters cite *City of Austin v. Castillo*, 25 S.W.3d 309, 311 (Tex. App.—Austin 2000, pet. denied), and *City of Harlingen v. Avila*, 942 S.W.2d 49, 53 (Tex. App.—Corpus Christi 1997, writ denied), for the proposition that the non-discrimination requirement has also been applied to the supplemental payments listed in section 143.041(c). *See* Tex. Loc. Gov't Code Ann. § 143.041(c). In response, the City contends that the non-discrimination requirement does not apply to supplemental pay and that even if it does, the City's ordinance is non-discriminatory.

---

[4] Those fire fighters who qualify for both educational incentive pay and certification pay may elect to receive the benefit that provides the greatest amount of remuneration.

6

Because we agree that the City's ordinance is neutral and non-discriminatory, we need not resolve the issue of whether the non-discrimination requirement applicable to base salary also applies to supplemental pay. The City's ordinance, which limits fire fighters to receiving either educational incentive pay or certification pay but not both, is applied equally to all fire fighters and treats all similarly situated fire fighters the same. Any fire fighter who qualifies for both certification pay and educational incentive pay must elect to receive only one of those benefits. Because the pay supplements authorized by the City are disbursed in a fair, even-handed, and non-discriminatory manner, the ordinance is consistent with the Civil Service Act. *See Avila*, 924 S.W.2d at 53 (holding that once city chooses to provide seniority or longevity pay supplements under section 143.041(c), it "must do so in a fair, even-handed, non-discriminatory manner").

We overrule the Fire Fighters' points of error and hold that the City's ordinance does not violate the Civil Service Act.

## CONCLUSION

We affirm the trial court's order granting summary judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: November 20, 2009

7